The People of the State of New York, Plaintiff, *v.* Nellie O. Browne, Defendant.

County Court, Broome County, March 29, 1945.

*Alec Rosefsky* for defendant.

*Robert O. Brink, District Attorney (Samuel W. Bernstein* of counsel), for plaintiff.

McAvoy, J. The defendant has been indicted for the crime of perjury, first degree. She demurs to the indictment upon the ground that it does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure and upon the further ground that the facts stated therein do not constitute a crime. She also moves for an inspection of the grand jury minutes.

The indictment in question alleges as follows: " That the defendant, Nellie O. Browne, in the Village of Johnson City, County of Broome and State of New York, on or about the 3rd day of February, 1944, did wilfully, wrongfully, unlawfully and knowingly subscribe and swear to an affidavit in writing wherein and whereby she did state and swear before one A. Merle Rush, a notary public, that at no time did she enter into any agreement with anyone in any manner whatsoever for any collusive or corrupt practices relative to the procurement of evidence which was to be used in Supreme Court of the State of New York to obtain a divorce against one M. Glenn Stiner in an action instituted by Virginia Stiner, the wife of the said M. Glenn Stiner, and the said defendant, Nellie O. Browne, did further state and swear in the aforementioned affidavit, as aforesaid, that at no time did she have any conversation relative to the *Stiner* case with one Inez Northrup except a telephonic conversation had on or about the 30th day of June, 1943. That the contents of the said affidavit so sworn to by the said defendant, Nellie O. Browne, on the 3rd day of .February, 1944, before A. Merle Rush, notary public, was a material statement in that the same was made in connection with material evidenciary [*sic.*] matters involved in the prosecution and trial of a divorce action in Supreme Court and was relied upon in such connection. That

the said statement was in fact false and untrue in that the said defendant, Nellie O. Browne, did in fact, prior to June 24th, 1942, induce, retain, and pay one Inez Northrup to secure a position as a domestic in the home of the said M. Glenn Stiner for purposes of being observed in a compromising position with said M. Glenn Stiner and thereby furnishing false and illegal evidence in a divorce action which was instituted against the said M. Glenn Stiner. That pursuant to such arrangement, the said Inez Northrup did secure a position as a domestic in the home of the said M. Glenn Stiner, and while so employed was observed in a compromising situation by witnesses whom the said Nellie O. Browne knew were to visit the vicinity of the home of the said M. Glenn Stiner for the purpose of obtaining evidence of adultery for the purpose of furnishing Virginia Stiner, the wife of the said M. Glenn Stiner, with evidence for a divorce. That the said defendant knew her affidavit as aforesaid to be false and that the said defendant, Nellie O. Browne, did thereby commit the crime of Perjury in the First Degree, all contrary to the provisions of the Statute in such case made and provided.''

It is the defendant's claim that the indictment does not allege facts constituting the crime of perjury in that it does not set forth that an oath was administered, that the defendant was sworn to give testimony in the case of *Stiner* v. *Stiner,* that the occasion upon which defendant signed the alleged false affidavit was not one wherein an oath was required by law or one on which an oath could lawfully be administered, that the indictment does not allege that the statement was made in connection with the prosecution and trial of the case of *Stiner* v. *Stiner,* or that the notary public had authority to administer oaths in the county of Broome and finally that it appears on the face of the indictment that the alleged false affidavit was not material to any issue involved in the prosecution and trial of the *Stiner* case.

These objections of the defendant refer for the most part to matters which will be the subject of proof upon the trial or to circumstances under which perjury may be committed other than as charged in the indictment.

Under the statute the crime of perjury may be committed by a person who swears or affirms that any affidavit by him subscribed is true, in, or *in connection with,* any action and who states in his affidavit any matter to be true which he knows to be false (Penal Law, § 1620) and if the perjury is committed as to any material matter in, or *in connection with,* any action, civil or criminal, it constitutes perjury in the first degree. (Penal Law, § 1620-a.)

The indictment here under attack does allege that the defendant subscribed and swore to the truth of an affidavit before a notary public, that such affidavit was made *in connection with material evidentiary matters involved in the prosecution and trial of a divorce action,* which had been instituted in the Supreme Court of the State of New York, that it was relied upon in such connection and that the defendant knew such affidavit was false.

It seems to be well settled in this State that if an indictment avers the offense, as the statute defines it, the averment is sufficient. In framing an indictment on a statute, all the circumstances which constitute the definition of the crime in the statute, so as to bring the accused precisely within it, must be stated, but no other description of the manner in which the offense was committed is necessary than that contained in the statute. (*People* v. *Williams,* 92 Hun 354, affd. 149 N. Y. 1; *Phelps* v. *People,* 72 N. Y. 334, 349.)

An examination of the indictment here indicates that all the circumstances which constitute the definition of the crime of perjury in the statute have been alleged.

The materiality of the contents of the affidavit is alleged in the indictment by direct statement and by the facts, stated therein. This we deem sufficient under the authorities (*Wood* v. *People of the State of N. Y.,* 59 N. Y. 117, 121; *People* v. *Peck,* 146 App. Div. 266) in charging the crime of perjury first degree

" In the absence of any statute regulating the matter it has been held that the crime of perjury in swearing to an affidavit, was complete when the oath was taken by the affiant in a judicial proceeding or course of justice, although the affidavit was never delivered or used, provided the matter sworn to was false and known to the affiant to be so, and was material." (*People* v. *Williams,* 149 N. Y. 1, 3, *supra;* see, also, Penal Law, § 1625.)

It is the well-established rule that an indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense, notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense, and enables the court upon conviction to pronounce judgment according to the right of the case. In applying the test of sufficiency, the indictment should be liberally construed and an objection thereto rejected if technical or impracticable. (*People* v. *Farson,* 244 N. Y. 413; *People* v. *Thompson,* 170 Misc. 288.)

The objection that the indictment does not allege that the

notary had authority to administer oaths in the county of Broome seems highly technical. The court will take judicial notice of that which is a matter of common knowledge, that is, that one may properly and usually does swear to the truth of an affidavit before a notary public and that a notary public is an officer duly authorized by law, before whom oaths and affidavits may be taken. (Civ. Prac. Act, § 357.) The question as to whether the notary was in fact authorized to act as such will be a subject of proof upon the trial.

It is provided by section 684 of the Code of Criminal Procedure that '' Neither a departure from the form or mode prescribed by this Code, in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice, in respect to a substantial right.'' (See, also, *People* v. *Dimick,* 107 N. Y. 13, 30.)

It is difficult to see how the defendant can be misled or her substantial rights prejudiced by the failure of the indictment to specifically allege the notary's authority.

In view of the foregoing we feel that the indictment is sufficient and the demurrer interposed herein is, therefore, disallowed.

The defendant claims that it is necessary for her to have an inspection of the grand jury minutes in order to properly prepare for trial and leans heavily upon the case of *People* v. *Kresel* (142 Misc. 88) as authority for the proposition that an inspection may be allowed for such purpose. However, the court granted an inspection in that case for the reason that the matters involved were '' intricate and involved '' notwithstanding the fact that a previous inspection had been denied by another court. (*People* v. *Kresel,* 141 Misc. 593.)

In *People* v. *Gatti* (167 Misc. 545, 549–550) the court there remarked that allowing an inspection for such purpose set forth in *People* v. *Kresel* (142 Misc. 88) was '' contrary to all precedents that hold that the district attorney is not bound to disclose his evidence before trial, and how far it should be followed if at all is a large question.''

It has long been the law that an inspection of the grand jury minutes will not be granted to enable the defendant to prepare for trial. (*Matter of Baldwin,* 65 Misc. 153; *People* v. *Steinhardt,* 47 Misc. 252.) We believe that this is still the rule in the absence of some peculiar or unusual circumstance warranting such inspection.

There is a presumption that an indictment is based upon legal and sufficient evidence until satisfactory proof to the contrary is presented. (*People* v. *Glen,* 173 N. Y. 395.) '' An examination is not permitted merely to inform the defendant of the evidence upon which the indictment is based.'' (*People* v. *Mitchell,* 140 Misc. 869.) '' As a general policy, the court ought not to take cognizance of these applications unless the circumstances of the case show clearly a questionable indictment either on the law or the facts, and matters of defense ought not to be determined except upon a trial.'' (*People* v. *McCann,* 166 Misc. 269, 270).

We are of the opinion that the points raised by the defendant on this motion are matters of defense to be determined upon the trial and that the moving papers herein do not set forth sufficient reasons to warrant an inspection.

Therefore, the demurrer is disallowed and the **motion for** inspection of the grand jury minutes denied.