## UNITED STATES v. SEAVEY.
### No. 10076.

United States Court of Appeals
Third Circuit.

Argued Feb. 9, 1950.

Decided March 17, 1950.
Writ of Certiorari Denied June 5, 1950.
See 70 S.Ct. 1023.

838

Thomas D. McBride, Philadelphia, Pa. (John B. Martin, Philadelphia, Pa., on the brief), for appellant.

Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal involves the sufficiency of the evidence in a perjury conviction under 18 U.S.C. § 231 (1946)[1] and alleged errors in the trial court's instructions to the jury.

In July, 1946, a federal grand jury was investigating certain war fraud cases. According to stenographic notes of the testimony before the grand jury, the defendant said that he had never made any payments on behalf of his employer to any officers or employees of the War Shipping Administration or to one Frank Sales, an employee of that agency. That defendant made the statement is not disputed. The government charges that this testimony was false.

1. "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000 and imprisoned not more than five years." [See Revised Criminal Code, 18 U.S.C.A. § 1621].

### 1. Did Defendant Testify Under Oath?

The defendant contends on appeal that there is no substantial evidence that the allegedly perjured testimony was given under oath, as it must be to constitute the crime under the statute. We do not agree. The grand jury foreman testified at the trial that he swore every witness who came into the room, that he could not personally recall the testimony of the defendant and that a court reporter was present throughout the investigation. The reporter testified that he had been present when the defendant appeared before the grand jury, that he had seen defendant take the oath but that the notes of the testimony did not show that the defendant had been sworn. Certainly a jury could find from all this that the oath had actually been administered. See United States v. Gardiner, C.C. Dist.Col.1853, 25 Fed.Cas. pages 1245, 1246-1247, No. 15,186a.

Reversal is also urged on the ground that the trial judge failed to instruct the jury to acquit unless they found that defendant had been sworn. But the trial judge told the jury that "Perjury, among other things, is false swearing in a material matter requiring affidavit or oath to be taken, with the knowledge on the part of the defendant that the false swearing is false." If the defendant desired a more explicit instruction on this point, he could have presented a request for charge, but he offered none. The fact that the judge did not enlarge upon the point, in the absence of request for anything further, is not a ground for reversal.

### 2. Sufficiency of Testimony

The rule in perjury cases is that the falsehood must be proved by two witnesses or one witness and corroborating evidence. Weiler v. United States, 1945, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, 156 A.L.R. 496; Hammer v. United States, 1926, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed.

1118. The prosecution offered testimony in this case: (a) By Mrs. Wilhelmina Azzarano. She was the firm's bookkeeper and she stated that she had seen $50 pass from the defendant to Frank Sales, a Maritime Commission employee, at a Christmas party in 1944. (b) By Frank Sales. He said that upon another occasion he had received $125 from the defendant but that this was the only occasion on which he had ever received money from the defendant.[2]

Defendant says that this is insufficient because the two-witness rule must apply to each alleged passing of money. This very point was considered and decided by this Court in United States v. Palese, 3 Cir., 1943, 133 F.2d 600. Indeed, as to the point the instant case reads precisely upon the Palese set of facts and decision. It should be borne in mind that what the defendant is being prosecuted for here was not the giving or taking of bribes, but an alleged perjured statement that he had never made any payments on behalf of his employer to a given group of persons. Two witnesses testified, each to a different payment. The defendant has, therefore, been proved a perjurer by the testimony of two witnesses just as he was in the Palese case to which we adhere.

Defendant's brief seeks to discredit the testimony of Mrs. Azzarano and Sales, because they are "accomplices." They are not "accomplices" but even if they were it is not to the crime of perjury. There is nothing to this point.

As said above, perjury must be proved either by the testimony of two witnesses or one witness plus corroborating evidence. We have already pointed out that we have here sufficient testimony from two witnesses. We also have one witness plus corroborating testimony. Books of account of defendant's employer were received in evidence as government Exhibit No. 1. They show entries as follows:

---

2. The jury was not bound to accept or reject Sales' testimony in its entirety; it could believe as true the story of the bribe and reject his testimony that he had received no others. United States v. Palese, 3 Cir., 1943, 133 F.2d 600, 603; United States v. Reginelli, 3 Cir., 1943, 133 F.2d 595, 598.

1942

August 17, Commission, Maritime Commission — cash $50.00
October 27, Commission—S — 543.90
November 10, Chemical Cleaning, commission P and S — 457.99
1943
March 5, Commissions—S — 200.00

We think that the entries, as they stand, corroborate the direct testimony of payment by the defendant, who was the bookkeeper's "boss." In addition, the bookkeeper, Mrs. Azzarano, gave testimony explaining what the various "commissions" were. The defendant says this will not do because it is allowing Mrs. Azzarano to corroborate her own testimony as a witness to the actual passing of a bribe. He cites to us an English case in which the defendant was charged with falsely swearing that he owed his landlord only one quarter's rent. At the trial for perjury, the landlord testified that five quarters were due at the time and refreshed his memory by referring to account books. It was held there that the rule requiring one witness and corroborating evidence was not satisfied,[3] and rightly so, because writings used to refresh a witness' memory are not themselves evidence.[4] But here the books were in evidence and we think constitute circumstantial corroboration even without Mrs. Azzarano's explanation. The sufficiency of the corroboration is, of course, a question for the jury. Weiler v. United States, supra.

### 3. Was the Jury Confused?

At the request of the defendant the judge charged the jury that "Some one single payment to Sales must be proved either by two witnesses or by one witness and corroborating circumstances." This charge, obviously, is directly contrary to this Court's decision in the Palese case. In giving it the trial judge gave the defendant more than he was entitled to according to our view of the law.

■ But the fact that the defendant by virtue of getting a charge too favorable to himself may have got a case submitted to the jury in an erroneous fashion does not show error of which he can complain. Defendant urges upon us that where two alternative theories of guilt are submitted, one correct and the other incorrect, the judgment must be reversed because it is impossible to tell which the jury followed. Williams v. North Carolina, 1942, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273, 317 U.S. 287, is cited for the proposition. Of course, the proposition is true and applies when one of the alternatives incorrectly cuts down the protection given to the defendant's rights. But here the alternative was too favorable to the defendant. And a defendant who has received more than he is entitled to is in no position to complain.

■ The evidence is sufficient to support the verdict either on the theory of two witnesses to the charge of perjury or one witness plus the corroborating force of the account book.

The judgment will be affirmed.

3. Regina v. Boulter, 175 Eng.Rep. 535 (N. P.1852), aff'd., 169 Eng.Rep. 554 (Cr. App. 1852).

4. 3 Wigmore on Evidence, § 763 (3d ed. 1940).