## UNITED STATES v. PAPAIOANU.
### Cr. A. No. 689.

United States District Court
D. Delaware.

Sept. 14, 1950.

Daniel L. Herrmann, Asst. U. S. Atty., of Wilmington, Del., for the United States.

John VanBrunt, Jr., of Killoran & Van-Brunt, of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

These are motions under Rules 6(e) and 12(b) (2) of the Rules of Criminal Procedure, 18 U.S.C.A. The parties have asked the court to consider at this time merely the first rule as the second motion under 12(b) (2) is to be considered only in the event defendant's motion under 6(e) would be granted. Before putting the question for decision, a reference should be had to the preliminaries. On July 11, 1949, the United States Commissioner held a hearing on a charge against defendant for income tax evasion. Defendant was held for the Grand

Jury. Thereupon defendant immediately applied for a writ of habeas corpus on the ground the evidence was insufficient before the Commissioner to justify a finding that a crime had been committed. The application for the writ was denied by this court for the reasons found in its opinion, U.S. ex rel. Papaioanu v. Messick, D.C.Del., 85 F. Supp. 928. On April 17, 1950, the Grand Jury indicted defendant for income tax evasion for 1943-44-45-46. Defendant has now moved under 6(e) for an order directing a disclosure of the transcript and an inspection of all the evidence adduced before the Grand Jury and upon which the alleged indictment was founded.

In refusing to grant the writ of habeas corpus after the hearing before the Commissioner it was stated that defendant was attempting to have the merits of the charge determined in the absence of a petit jury and in advance of trial. I refused to afford defendant what seemed to me to be a remedy of appeal or, in truth, a form of writ of error from the Commissioner's findings. At the present state of the proceedings it appears that now defendant is seeking a remedy of appeal from the finding of the Grand Jury that an indictment should lie.

■ The first obstacle defendant must surmount is that the secrecy of proceedings of a Grand Jury is fundamental to our criminal procedure.[1] Defendant's plan admittedly is to obtain all the evidence adduced before the Grand Jury, then to move —as it already has—to quash the indictment.

Judge Learned Hand as early as 1909 in referring to an application for such inspection stated, "There is no precedent, so far as I can find, for such control of the grand jury, and I am the last who would initiate it."[2] On another occasion Judge Hand said in a similar matter: "It [granting of the inspection] is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will."[3] This adherence to the orthodox view that all proceedings before the Grand Jury should remain secret unless extraordinary circumstances are present and may be shown is to be found among some of the best opinions.[4] With the promulgation of Rule 6(e) of the Federal Rules of Criminal Procedure it now appears, however, that the "court has power 'in connection with a criminal proceeding' to compel disclosure of matters occurring before the grand jury." United States v. Alper, 2 Cir., 156 F.2d 222, 226. I do not think this is a new grant of power to the trial court. The same admonitions articulated by Judge Learned Hand in 1909, as indicated supra, are as cogent today even with the new rule as they were before it made its appearance. The rule itself indicates the allowance of an application for disclosure and inspection is a matter within the court's discretion, i. e., there must not be an arbitrary exercise of discretion either for or against a defendant in a criminal matter but, in all cases, there must be a showing of facts at least prima facie that there is good cause for the entry of an order compelling disclosure.[5]

1. Housel and Walser in "Defending and Prosecuting Federal Criminal Cases" (p. 353) discuss applications to inspect minutes of the Grand Jury and conclude the motion is rarely, if ever, granted.

2. As District Judge in U. S. v. Violon, C. C., 173 F. 501, 502.

3. U. S. v. Garsson, D.C., 291 F. 646, 649.

4. See, in particular, U. S. v. Foster, D.C., 80 F.Supp. 479, 483; U. S. v. American Medical Association, D.C., 26 F.Supp. 429, 430; U. S. v. Silverthorne, D.C., 265 F. 853, 855; McKinney v. U. S., 8 Cir., 199 F. 25, 27. As to a charge of sufficiency of evidence before a Grand Jury

to sustain an indictment, see Cox v. Vaught, 10 Cir., 52 F.2d 562; Anderson v. U. S., 10 Cir., 273 F. 20, 29; Simpson v. U. S., 4 Cir., 11 F.2d 591; Kastel v. U. S., 2 Cir., 23 F.2d 156, 158; Olmstead v. U. S., 9 Cir., 19 F.2d 842, 845.

5. Defendant argues that Judge Hand in 1947 by concurring in Re Fried, 2 Cir., 161 F.2d 453, 465, has abandoned his earlier view as to the secrecy of Grand Jury proceedings when such is balanced against constitutional objections before trial. An assiduous reading of Judge Frank's opinion and Judge Hand's separate opinion in the Fried case in which Judge Hand concurred merely in the result lends no basis for such a suggestion.

The question for decision in an application made under Rule 6(e) in each case is, therefore, this: What showing has defendant made which impels the court to exercise its discretion and open Grand Jury records to defendant so that defendant may verify a position that an indictment is unsupported by any competent evidence to establish probable cause? It is a power, I think, which should be exercised with caution lest the function of the nisi prius judge by a legal osmosis absorbs the traditional duties of the Grand Jury and decides on individual guilt or innocence in the twilight of a pre-trial procedure. The traditional test is to decide each case after a conviction that good cause for granting or refusing the application has been shown. That is the decision here.

■■ Defendant's supporting affidavits have not convinced me. They state, in short, defendant's attorney examined a list of witnesses subpoenaed to appear before the Grand Jury and that such witnesses could not give competent evidence to establish probable cause. The averments are made on information and belief; they overlook the fact that witnesses other than those answering subpoenas may have appeared before the Grand Jury; and the testimony of the internal revenue agents before the Commissioner as to the taxable years in question may not have been of the same type of testimony which was given before the Grand Jury. Defendant also charges that the government is proceeding in this criminal action against defendant out of pure caprice. As far as the record shows, there is no basis for believing that either the revenue agents or the United States Attorney is in a position to exercise caprice or arbitrary action in determining that this tax case is "jacketed" for criminal prosecution.

As defendant has made no showing sufficient to move the court, in the exercise of its discretion, for an order of disclosure of the proceedings before the Grand Jury the prayers of defendant's petition will be denied.