## Commonwealth *v.* Schindler, Appellant.

Argued November 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Maurice H. Goldstein,* with him *J. I. Simon,* for appellant.

*Edward A. Schultz,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY RENO, J., January 17, 1952:

Appellant swore falsely before an investigating grand jury, was indicted for perjury by a succeeding grand jury, and convicted.

His first contention is that the investigating grand jury was not a competent tribunal because the district attorney's petition which brought it into being was de-

fective, and that the court below erred in denying his motion to quash.

The district attorney's petition, in part, alleged: "That it has come to the attention of your petitioner, by means of newspaper articles and from other sources, that there are numerous violations of gambling laws being committed within the City of Pittsburgh and said County under the protection of police officers and other persons of influence and authority. That, if the aforesaid matters be true, it is a matter of great public importance, and there is a pressing necessity for ascertaining the truth of these accusations so that, if true, the persons responsible therefor may be brought to justice." He prayed for an order directing the grand jury to make a "full and complete investigation of the aforesaid matter and make a full report thereof to this Court."

The court below ordered "the Grand Jury regularly chosen for the June Sessions, 1948, . . . to meet on Tuesday, July 27th A. D. 1948 at 9:00 E. S. Time to make a full and complete investigation of all matters set forth in the foregoing petition and make a report thereof of their findings to this Court."

As will appear, we are not required to pass judgment upon the sufficiency of the district attorney's petition. Judged by the standards laid down in *McNair's Petition*, 324 Pa. 48, 187 A. 498, and other cases,[1] the petition may have lacked sufficient definiteness and essential specificity to support an order for a grand jury investigation. Judge ELLENBOGEN, who entered the order and denied the motion to quash, seemingly ac-

---

[1] *Philadelphia County Grand Jury Investigation Case*, 347 Pa. 316, 32 A. 2d 199; *Dauphin County Grand Jury Investigation Proceedings (No. 1)*, 332 Pa. 289, 2 A. 2d 783; *Com. v. Rhey*, 140 Pa. Superior Ct. 340, 14 A. 2d 192; Cf. *Com. v. Hubbs, (No. 1)*, 137 Pa. Superior Ct. 229, 8 A. 2d 611.

knowledged the defect, but nevertheless held: "No matter how incomplete or how inadequate the petition of the District Attorney, the fact is that the Grand Jury, upon order of court, was charged to and did proceed to make a special investigation, and that it completed its investigation and made a presentment to the court. That investigation, although perhaps voidable at the time, was certainly not void and cannot now be attacked since its task has been completed."

Our research has not uncovered a ruling case in Pennsylvania. Elsewhere the question has been frequently decided, and the cases have been collated in 82 A. L. R. 1127-41. From them we deduce the general principle that perjury can be committed only in a proceeding or with respect to a matter within the jurisdiction of the court, tribunal or officer before or by whom the matter may be considered.[2] Where the court has general jurisdiction of the subject matter of the proceeding it has jurisdiction to take testimony therein. Its jurisdiction is not defeated or ousted by defects in the pleadings, process or procedure in limine whereby the proceeding is instituted or by errors committed in the course of the trial or hearing.[3] See 41 Am. Jur., Perjury, §§23-25; 70 C. J. S., Perjury, §22.

It requires no argument or citation of statutes or authorities to demonstrate that the court below had general jurisdiction of violations of the gambling laws

---

[2] The Penal Code of June 24, 1939, P. L. 872, §322, 18 P.S. §4322: "Whoever wilfully and corruptly makes false oral or written statements, or testimony upon oath or affirmation, legally administered . . . in any judicial proceeding, matter or cause which may be pending in any of the courts . . . is guilty of perjury . . ."

[3] See *People v. Rogers*, 348 Ill. 322, 180 N. E. 856, 82 A. L. R. 1124, where defendant's false testimony as libellant in a court which had jurisdiction to grant divorces was held to be perjury even though it subsequently developed that the court had no jurisdiction of the person of the respondent.

and possessed the power to direct a grand jury, in proper cases, to investigate and uncover their existence. It follows that, even though the district attorney's petition may have been insufficient, that defect did not touch or defeat the jurisdiction of the court to order an investigation or the jurisdiction of the grand jury to take appellant's testimony. The investigation may have been voidable, but certainly not void, and appellant raised no objections to the legal competency of the grand jury when he was called before it, and testified without protest.

*Christoffel v. U. S.*, 338 U. S. 84, 69 S. Ct. 1447, appellant's sole reliance, does not bind this Court, and is not factually analogous. There the Supreme Court of the United States condemned a conviction for perjury because the false swearing occurred before a committee of the House of Representatives when less than a quorum of the committee was present. If appellant had contended that less than a prescribed minimum of members of the grand jury was present when he was sworn and testified, *Christoffel* would have only dubious value.

Appellant's second contention relates to the sufficiency of the evidence to support the conviction. The investigating grand jury was engaged in an inquiry concerning the alleged gambling activities of appellant's brother Edward, consisting of the operation of a "horse room" on the second floor of a building in Pittsburgh, a charge to which Edward subsequently pleaded guilty and was punished. Before the grand jury appellant disclaimed knowledge of the operations on the second floor, testifying, inter alia, "I was never up there."

At the instant trial, Leonard Tobac, who worked on the first floor and visited the second floor to place bets, testified that he had seen appellant in the second floor "horse room" five or six times. David B.

Rodgers, who worked for appellant's brother in the "horse room" and elsewhere, testified that he had seen appellant in that room ten times, more or less. Thus, there were two witnesses who directly contradicted appellant's statement: "I was *never* up there." Appellant did not testify on his own behalf.

Because the Commonwealth's witnesses did not testify that they saw appellant in the "horse room" at the same time, appellant contends that the conviction cannot stand. He argues that unless the two witnesses in a perjury case corroborate each other there can be no conviction, and that his point for a charge to that effect was erroneously denied by the trial judge.

There is no such rule of law. The rule has been stated and applied time and again, and it requires that the Commonwealth prove the falsity of a defendant's testimony by two witnesses or by one witness and corroborating circumstances. Beyond that the rule requires nothing. If appellant had sworn that he was not in the "horse room" on a day certain the Commonwealth would have been obliged to show by two witnesses or one witness and corroborating circumstances that he had been there on that day, but even so, it would not have been required to show that the witnesses saw him at the same time of that day. So, having sworn that he was *never* there, the Commonwealth amply proved its case by showing that he was there many times.

*Williams v. Com.* 91 Pa. 493, upon which appellant bases his argument, does not sustain him. That case teaches that where an indictment for perjury assigns *several* corrupt practices *each* separate act or statement must be proven by two witnesses or one witness with corroborative circumstances. That rule is not applicable where, as here, a defendant is charged with *one* false statement and its falsity is proven by two witnesses.

Judgment and sentence affirmed.