## UNITED STATES *v.* LANDSBERG.

*(Circuit Court, S. D. New York. December 22, 1882.)*

CRIMINAL LAW AND PROCEDURE—PERJURY—MATERIAL MATTER—REV. ST. § 5392—CROSS-EXAMINATION BEFORE UNITED STATES COMMISSIONER.

Where a party charged with counterfeiting, on examination before a United States commissioner, testifies, on cross-examination, in answer to a question, that he has never been in prison, when he has been in a state prison, such false answer amounts to "material matter," within the meaning of Rev. St. § 5392, and an indictment for perjury will lie.

Motion for New Trial and in Arrest of Judgment.

*J. G. Agar*, Asst. U. S. Dist. Atty., for the United States.

*R. N. Waite*, for defendant.

Before WALLACE, BENEDICT, and BROWN, JJ.

BENEDICT, J. The accused, having been convicted of perjury, now moves for a new trial and in arrest of judgment. The principal question presented for determination is whether the crime of perjury was committed by the accused when he made the false statement, under oath, which is set forth in the indictment. This statement was made under the following circumstances, as shown at the trial: The ac-

cused had been arrested by virtue of a commissioner's warrant, upon a charge of having uttered counterfeit coin. He demanded an examination, and, upon such examination, duly held before the commissioner, he offered himself as a witness in his own behalf, and was duly sworn as such. Upon his cross-examination, in answer to a question put without objection, he testified that he had not been in prison in this state, or any other state, when the fact was that he had been imprisoned in the state prison of this state, and also in the state prison of New Jersey. Thereafter, the present indictment was found against him, in which the perjury assigned is the testifying, under the circumstances above stated, that he never was in prison in this state, or any other state.

On the part of the accused the point made is that the false matter so stated by the accused before the commissioner was not material matter, within the meaning of the statute, and therefore the crime created by the statute was not committed.

An essential element of the offense created by the statute (section 5392, Rev. St.) is the materiality of the matter charged to have been falsely stated. The words employed in the statute are "material matter." These words were, doubtless, adopted from the common law, and they must be given a signification broad enough to cover, at least, cases of perjury at common law. The rule of the common law in regard to perjury is thus stated by Archbold: "Every question in cross-examination, which goes to the witness' credit, is material for this purpose." Archb. Crim. Pl. & Proc. 817, (Eng. Ed.) The same rule was declared by the twelve judges in *Reg.* v. *Gibbons,* 9 Cox, C. C. 105.

The inquiry here, therefore, is whether the imprisonment of the accused in this state and in New Jersey was calculated to injure his character and so to impeach his credit as a witness; for it is not to be doubted that when the accused offered himself as a witness, he placed himself upon the same footing as any other witness, and was liable to be impeached in the same manner. Upon this question our opinion is that the matter stated by the accused as a witness had an obvious bearing upon the character of the witness, and could properly be considered by the commissioner in determining what credit was to be given to the testimony of the witness in respect to the crime with which he stood charged. In *Reg.* v. *Lavey,* 3 Car. & K. 26, the accused, when a witness, had falsely sworn that she had never been tried in the Central criminal court, and had never been in custody at the Thames police station. On her trial for perjury these statements were ruled to be material matter, and the conviction was sustained. In *Com.* v. *Bonner,* 97 Mass. 587, a witness had been asked "if he had been in the house of correction for any crime." Objection to the question on the ground that the record was the best evidence was waived, and the case turned upon the materiality of the question. The matter was held to be material. The present case is

stronger, for here no objection whatever was interposed to the inquiry respecting the imprisonment of the accused. Having made no objection to the inquiry, and gained all the advantages to be secured by his false statement, it may perhaps be that it does not lie in his mouth now to say that his statement was not material. See *Reg.* v. *Gibbons, supra; Reg.* v. *Mullany*, Leigh & C. 593. But, however this may be, it is our opinion that the statement he made was material matter, within the meaning of the statute, because calculated to affect his credit as a witness.

The other points discussed have received our attention, and are thought to be untenable. They are not such as require attention in this opinion. The motions are denied.