R. E. FERGUSON v. THE STATE.

*No. 944.  Decided April 29th, 1896.*

**1.  Perjury—Indictment—Allegation as to Knowledge of Falsity.**

Under Article 201, of the Penal Code, which declares that, "Perjury is a false statement, deliberately and wilfully made, relating to something past or present, under the sanction of an oath," etc., it is not necessary that the indictment should, to be sufficient, allege that the party making the alleged false statements, knew that they were false when he made them. Nor was such allegation required at common law. Overruling, on this point, State v. Powell, 28 Texas, 627.

**2.  Same—"Deliberately and Wilfully"—Charge.**

It is necessary to use the language of our statute defining perjury, both in the indictment and in the charge of the court. The indictment is insufficient if it does not allege that the false statement was made, "deliberately" and "wilfully," by the defendant; and, as to this matter, a charge of the court which instructs the jury, that before they can convict, "they must believe, beyond a reasonable doubt, that the defendant, under oath as above set out, deliberately·and wilfully made the alleged statements above set forth, and that said statements were false," is equivalent to instructing the jury that they must believe that the defendant deliberately and wilfully swore falsely, and is sufficient.

APPEAL from the District Court of Tarrant.  Tried below before Hon. S. P. GREENE.

This appeal is from a conviction for perjury, the punishment assessed being five years' imprisonment in the penitentiary.

The indictment charged defendant with perjury, committed by him as a witness in a criminal case, viz: the case of The State v. Martin McGrath, in the District Court of Tarrant County.

No further statement necessary.

[No briefs on file for either party.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary, and prosecutes this appeal.  There is no bill of exceptions or assignment of errors in the record.  The only question presented in the case for our consideration is as to the charge of the court, which is complained of in the appellant's motion for a new trial.  The charge in question, after enumerating the various grounds on which the perjury is alleged in the indictment, proceeds as follows: "Which said statements the State charges were false, and that the same were wilfully and deliberately made under oath as aforesaid by said R. E. Ferguson, knowing at the time he made the same that said statements so made as aforesaid were then and there false and untrue. Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, under oath as above set out, and wilfully and deliberately,

made the alleged statements above set forth, in the County of Tarrant, State of Texas, at or about the time as charged in the indictment, and that said statements so made as aforesaid were and are false, and that the falsity of said statements has been established by the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity, then you will find the defendant guilty, and assess his punishment at confinement in the penitentiary for not less than five nor more than ten years." The contention of the appellant is that the charge is fatally defective because it failed to instruct the jury that the defendant, when he made the statements upon which the perjury was predicated, knew that the same were false. It has been held in this State that an indictment for perjury, to be good, should allege that the defendant knew the statements (on which the perjury is predicated) were false when he made them, and that this must be distinctly averred. This was so held in State v. Powell, 28 Texas, 627, which appears to follow State v. Juaraqui, Id., 625. We have examined that case, and the language there used is as follows: "The indictment ought to charge that the defendant deliberately and wilfully swore falsely." This is all that is said upon the subject, and appears, in this regard, to follow our statute explicitly, and is the rule at common law. We do not understand our statute, in defining perjury, to depart from the common-law definition on the subject. It says: "Perjury is a false statement, deliberately and wilfully made, relating to something past or present, under the sanction of an oath or affirmation, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any right or for the ends of public justice." See, Rev. Stat. 1895 (Penal Code, Art. 201). This does not require, as a part of the definition of perjury, that the party making the false statement knew that it was false when he made it. At common law the terms used, indicating intent, are "wilful and corrupt." See, 2 Whar. Crim. Law, Art. 1286; 2 Arch. Crim. Prac. & Pl., p. 1725; 2 Bishop's New Crim. Law, 1045. It was held that an indictment which charged the defendant, of his wicked and corrupt mind, did commit wilful and corrupt perjury, is defective, even at common law, for not alleging that the defendant wilfully and corruptedly swore falsely. See, State v. Carland, 3 Dev. 114; U. S. v. Babcock, 4 McLean, 114, Fed. Cas. No. 14,488. It seems from all the authorities, that there must be an affirmative allegation to the effect that the defendant wilfully and corruptly swore falsely. The fact that a defendant may know at the time he makes a statement that it is false may be shown in evidence to establish his intent at the time; that is, that he swore falsely, wilfully, and corruptly. But, according to the common-law authorities, this is no part of the definition of perjury; for the person may be guilty of perjury by swearing to a matter about which he has no knowledge, whether true or false. Mr. Bishop, citing authorities on this subject, uses the following language: "Consistently with this doctrine of the

specific intent, it is held that, if a man swears to a thing whereof consciously he knows nothing, he commits perjury, 'although,' adds Reade, judge, 'he believes it to be true, and although it turns out to be true.' For the declaration of a witness is that he knows the truth of what he states, and, if he is conscious he does not know it, he means to swear falsely, however the fact may prove to be." See, 2 Bishop's New Crim. Law, § 1048, Subdiv. 2. As heretofore stated, our statute on this subject does not change the rule. Our statute omits the word "corruptly," as used at common law, but says that the false statement must be "deliberately and wilfully made." These words, "deliberately and wilfully," have well-defined meanings. "Deliberately" means "with careful consideration or deliberation; with full intent; not hastily or carelessly—as a deliberately formed purpose." The latter, "wilfully," has been construed by this court to mean, "that the act was done with evil intent, with legal malice, without reasonable grounds for believing it to be lawful, or without legal justification." See Thomas v. State, 14 Tex. ·Crim. App., 200. In an Illinois case, where the word "knowingly" was used in the statute, and the indictment charged that the defendant "feloniously, wilfully, corruptly, and falsely, in and by said affidavit, did ·depose," etc., and which omitted the word "knowingly," it was held, "that the indictment was not bad on account of the omission of said word, the word 'wilfully' implying intention as well as deliberation and purpose." See, Johnson v. People, 94 Ill., 505. From the authorities cited, and our statute on the subject, we hold that it is not necessary, in an indictment for perjury, to charge that the party making the alleged false statements knew they were false when he made them; and so far as the authority of State v. Powell, 28 Texas, 627, is in conflict with this opinion, the same is overruled. But we do hold that it is necessary to use the language of our statute defining said offense, both in the indictment and in the charge of the court; that is, besides other things, the charge must instruct the jury, directly and pertinently, that before they can convict the defendant they must believe, beyond a reasonable doubt, that the defendant deliberately and wilfully swore falsely. The charge of the court upon this subject tells the jury, before they can convict the defendant, "that they must believe, beyond a reasonable doubt, that the defendant, under oath as above set out, deliberately and wilfully made the alleged statements above set forth, and that said statements were false," which is equivalent to instructing the jury that they must believe that the defendant deliberately and wilfully swore falsely. The converse of this proposition was also given in charge to the jury. In our opinion, this was sufficient. While upon the issue of perjury, as laid in the indictment, the testimony was pro and con, yet the jury believed the witnesses who testified against the defendant, and the evidene is sufficient to support the verdict of the jury, and we do not feel authorized to disturb it. The judgment of the lower court is affirmed.

*Affirmed.*