LLANOS–SENARILLOS v. UNITED STATES.

No. 12137.

United States Court of Appeals
Ninth Circuit.

Oct. 3, 1949.

Donald Kolts and Oral R. Finch, Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Attys., Norman W. Neukom and Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and POPE, Circuit Judges, and BLACK, District Judge.

STEPHENS, Circuit Judge.

Appellant, an alien, was tried and convicted by the district court on an indictment charging him with the offense of knowingly and wilfully swearing to a false statement in a matter affecting his right to remain in the United States, in violation of Section 152 of Title 8, U.S.C.A., which reads in part: " * * * any person to whom * * * an oath has been administered, under the provisions of this chapter, who shall knowingly or willfully give false evidence or swear to any false statement in any way affecting or in relation to the right of any alien to admission, or readmission to, or to pass through, or to reside in the United States shall be deemed guilty of perjury and be punished as provided by section 231 of Title 18. * * *"

It is conceded that, while under oath, appellant did falsely answer certain questions put to him by a duly appointed immigration inspector during a hearing to establish the facts as to appellant's deportability and eligibility for suspension of deportation. However a few minutes later, during the same examination and without his having in the meanwhile been excused, appellant admitted and acknowledged, upon confrontment with documentary evidence, the contrary of his prior testimony to be true.

The only insistence on this appeal is that appellant's recantation of his prior testimony in the circumstances absolves him of the offense of perjury. That the traditional elements of the crime of perjury are present is not disputed, nor is it questioned but that appellant violated the statute invoked if his contention here is not approved.

The gist of appellant's position is a conjured distinction concerning the time at which the retraction occurred, and on this ground the instant case and United States v. Norris, 1936, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808, are sought to be differentiated. The thesis of People v. Gillette, 1908, 126 App.Div. 665, 111 N.Y.S. 133, is proposed as our guide, namely, that where a witness corrects his intentionally false testimony during the same examination and tells the truth, the criminality of his prior act is dispelled because, to allow this, induces a truthfulness otherwise discouraged. Two Circuit decisions following United States v. Norris, supra, and involving as in this case recantations made during the same examination make nothing of the time-factor difference. United States v. Margolis, 1943, 3 Cir., 138 F.2d 1002; Meyers v. United States, 1948, D.C.Cir., 171 F.2d 800, certiorari denied 1949, 336 U.S. 912, 69 S.Ct. 602.

The point depends upon the facts of the case. If the witness withdraws the false testimony of his own volition and without delay, the false statement and its withdrawal may be found to constitute one inseparable incident out of which an intention to deceive cannot rightly be drawn. Such is not the case here. The withdraw-

al, if the circumstances justify the word, and the recanting, if appellant did recant, followed only after he knew his false testimony would not deceive. The reasons given for the false statements amount to confession and avoidance which we cannot consider.

United States v. Norris, supra, is an authoritative statement on the point and supports our view.

We have assumed that appellant did recant his prior statements. To recant a prior statement or previous assertion is to renounce and withdraw it. It is doubtful on this record whether appellant ever so acted. Rather, the immigration inspector simply proved the contrary by conclusive documentary evidence and by appellant's admission that such evidence related to him.