**UNITED STATES of America, Plaintiff,**

v.

**Cyrus R. ALLEN, Defendant.**

**No. 34555.**

United States District Court
E. D. Michigan, S. D.

May 11, 1955.

Fred W. Kaess, U. S. Atty., Ronald L. Greenberg, Asst. U. S. Atty., for plaintiff.

Leslie W. Fleming, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a perjury case in which the government charges that defendant falsely testified in the trial of a case before the United States Court of Claims entitled McSweeney Trade School, Inc., v. United States, 127 F.Supp. 591, in that defendant, while under oath, "did then and there wilfully and contrary to such oath state and testify that he was a certified Public Accountant pursuant to a Certified Public Accountant's Certificate, issued by the State of Ohio." By stipulation of the parties, the government filed, as its bill of particulars, a copy of a transcript of the former proceedings wherein the alleged false testimony was given.

Materiality as to what was falsely sworn being a question for the court, Sinclair v. United States, 279 U.S. 263, 298, 49 S.Ct. 268, 73 L.Ed. 692; Travis v. United States, 10 Cir., 123 F.2d 268; Blackmon v. United States, 5 Cir., 108 F.2d 572, defendant moved to dismiss the indictment on the ground that the alleged false testimony was not material to the issues before the court in the former case. Defendant contends that he was called as a witness in the former case solely for the purpose of identifying certain documents and not as an expert accountant witness, that the testimony which he gave was not in the capacity of an expert witness and that it was not claimed that defendant ever certified any statements as a certified public accountant.

An examination of the transcript of the former proceedings discloses that defendant was called as a witness for the purpose of identifying an exhibit which plaintiff sought to have admitted into evidence. Attached to the exhibit were numerous financial statements such as cost analysis sheets, cost summaries and the like. Defendant testified that he prepared or at least aided in preparation of all of these various documents, taking the figures and information contained therein from the books and records of his employer McSweeney Trade School and from a projection of estimated costs. Preliminary to this, however, defendant, in stating his name, address, background and qualifications, said in response to a question that he had practiced accountancy for about twenty-five years. He was then asked by counsel for McSweeney:

"Q. Have you had a certified public accountant's certificate issued by any state? A. Ohio.

"Q. And when was that issued to you? A. About '31, I believe it was."

At the close of defendant's direct testimony in that case, counsel for the then plaintiff offered the documents which defendant Allen had identified. Counsel for the government stated that he would like to defer any possible objection until after he had cross-examined the witness "because there may be certain defects in this, and I first also want to go into his knowledge and bases for some of the information," which right he was granted. Thereupon, government counsel interrogated defendant as to places and dates of his past employment. After stating that he had worked for various-named accounting firms, one during 1931, he was asked:

"Q. And at that time you had received a charter as a certified public accountant? A. In Ohio, yes sir."

Later in the trial, defendant testified from a summary prepared by him as to the amounts yet unpaid for tools and tuition which constituted the amount of plaintiff's claim, as revised. On cross-examination, inquiry was again made of defendant as to times and places of defendant's past employment. He was also asked:

"Q. And you said you received your certificate as a certified public accountant in Ohio in 1931. Is that in accord with your present memory? A. I can't recall right now whether that is the time or not.

"Q. Where is that certificate? A. I haven't got it any more. It was lost in moving.

"Q. You lost it. Under what name was the certificate issued? A. It was issued under my own name.

"Q. What name? A. C. R. Allen.

"Q. C. R. Allen? A. Yes.

"Q. No Cyrus or C. Roscoe? A. No.

"Q. C. R. Allen it was issued under. Now, are you positive that a certificate was ever issued to you by the State of Ohio? A. No, I am not sure of it, no.

"Q. Well then, how did you come and tell us that you were a certified public accountant of that state? A. I belong to the Public Accountants Association there."

In recanting, the defendant testified:

"Q. Were you ever certified as a certified public accountant? A. Not as a certified, no, public accountant.

"Q. Were you ever certified? A. No, sir."

Thereafter, defendant admitted that his previous statement, early in the trial, that he had received a charter as a certified public accountant was untrue.

 Perjury means the wilfully giving of false testimony as to any material matter before a competent tribunal, under oath. United States v. Slutzky, 3 Cir., 79 F.2d 504. Whether such false testimony is material depends on whether it was capable of influencing the tribunal on the issue before it. Blackmon v. United States, 5 Cir., 108 F.2d 572; Fraser v. United States, 6 Cir., 145 F.2d 145. A material matter does not necessarily mean a matter that directly affects the ultimate issue of the trial. United States v. Slutzky, supra. It is sufficient if the false testimony gives weight and force to or detracts from testimony as to matters that are material. Pyle v. United States, 81 U.S.App.D.C. 209, 156 F.2d 852; Blackmon v. United States, supra; Doan v. United States, 9 Cir., 202 F.2d 674. Hence, it is generally said to be perjury to swear falsely to anything affecting the credibility of the witness, since such credibility is material to the inquiry in the sense in which that term is used in the perjury statute, 18 U. S.C.A. §§ 1621, 1622. United States v. Weiler, 3 Cir., 143 F.2d 204, reversed on other grounds 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495; Blackmon v. United States, supra; United States v. Landsberg, C.C., 23 F. 585; United States v. Shinn, C.C., 14 F. 447, 453. In the Landsberg case, it was stated [23 F. 586]:

" 'Every question in cross-examination, which goes to the witness' credit, is material for this purpose.' "

 Therefore, from the foregoing, it appears that the alleged false swearing here was material, since it bore on defendant's qualifications and hence affected his credibility as a witness. The question is not whether defendant's qualification to testify depended on his qualification as a certified public accountant; nor is the question whether or not defendant, when he testified, did so in the capacity of an expert accountant witness. The inquiry is whether or not the alleged false testimony bore on defendant's credibility and whether it could reasonably be said to add weight and force to his testimony as to the material facts in issue. The court believes that, but for

**326**

defendant's recantation, such would have been its effect. And, of course, recantation or correction of a false statement knowingly given does not remove the stigma thereof. United States v. Rose, D.C., 113 F.Supp. 775; United States v. Margolis, 3 Cir., 138 F.2d 1002.

 The fact that the government in the indictment stated as a ground for materiality that defendant was testifying in the capacity of an expert accountant witness does not limit the court's inquiry as to materiality on this ground alone, for, while there should be an averment in the indictment that the false allegations were material to the matter at issue, all the circumstances which render them material need not be set forth. Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441; Travis v. United States, 10 Cir., 123 F.2d 268; Woolley v. United States, 9 Cir., 97 F.2d 258; United States v. Seymour, D.C., 50 F.2d 930.

Defendant argues that the alleged false testimony was not material since it could not have influenced the Court of Claims in its finding that plaintiff in the former case had not committed any fraud or misrepresentation, inasmuch as the court knew, when it reached its decision, that defendant was not a certified public accountant. The answer to this is that the actual effect of the false testimony is not the determining factor, but rather its capacity to affect or influence the trial judge in his judicial action on the issue before him. United States v. Henderson, 7 Cir., 185 F.2d 189; United States v. Hendrickson, 7 Cir., 200 F.2d 137, certiorari denied 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357.

Defendant's contention that the testimony, when given, was merely in the nature of a boast serves to confirm the court's view as to its materiality, for, as such, it would tend to enhance defendant's standing in the eyes of the court by exaggerating his qualifications. Of course, whether it was merely an innocent boast or whether it was intended to add weight to defendant's testimony and thereby to influence the court is a question of intent which must await the trier of fact.

Furthermore, it occurs to the court that the testimony in question might be material for another reason. Since a substantial portion of the then plaintiff's proof consisted of information contained in its books and records kept by defendant, defendant's statement that he was a certified public accountant could conceivably lend a certain aura of authenticity to such books and records which might not otherwise attach. In short, his statement not only bore on his own credibility, but also on the credibility of the books and records in his charge.

Therefore, the motion to dismiss the indictment will be denied. An appropriate order may be presented.