■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISAAC EZAUGI, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of perjury in the first degree. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Murphy and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Appellant, a New York City detective, testified falsely, before a Grand Jury investigating rackets, regarding the relationship of his partner and himself with an informer. The following morning he applied for permission to, and subsequently did, recant, testifying that he had originally concealed the truth in order to avoid revealing confidential police methods. He was indicted for first degree perjury, tried, and convicted, on the theory that his motive for testifying falsely was immaterial to the indictment. The trial court refused the following requests to charge, exceptions having been duly noted: "I ask your Honor to charge the jury that if they find that the testimony given by the [appellant] was given without any criminal intent, or if they have a reasonable doubt as to any criminal intent on the part of the [appellant], then the jury must acquit the [appellant]." "I ask your Honor to charge the jury that if the purpose and object of the Grand Jury inquiry was not impeded by the [appellant's] total testimony, and if they, the Grand Jury ascertained the truth of the matter from all the [appellant's] testimony, then the [appellant] cannot be said to have wilfully and knowingly testified falsely as required by law." In my opinion, the refusal to charge, as thus requested, was error. It was for the jury to determine whether the testimony, false when given, but voluntarily withdrawn without undue delay, was given with intent to deceive. (*Llanos-Senarillos* v. *United States*, 177 F. 2d 164.)