**Asberry B. BUTLER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41007.**

Court of Criminal Appeals of Texas.

March 13, 1968.

Rehearing Denied June 12, 1968.

Second Rehearing Denied July 24, 1968.

---

William F. Walsh, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is subornation of perjury; the punishment, six years, probated.

The sufficiency of the evidence is strenuously challenged. Willie Hanson, the State's principal witness, was seriously impeached by contradictory statements and in his own testimony, but in doing so, it is believed that under the holding of this Court in Castro v. State, 124 Tex.Cr.R. 13, 60 S.W.2d 211, with opinions by Judge Hawkins, Lattimore and Morrow, he was shown to have known what a felony was when he swore falsely in 1965 that he had not been previously convicted of a felony.

It was shown that Hanson plead guilty and was convicted of driving while intoxicated, first offense, in County Court at Law #3 of Harris County, on March 31, 1943; was convicted of theft in the Criminal District Court of Harris County on February 12, 1944; had plead guilty and was convicted of theft in County Court at Law # 4 of Harris County on May 1, 1959; was convicted of driving while intoxicated, a felony, in Criminal District Court # 2 of Harris County on May 31, 1962. This was his background when he testified falsely on October 13, 1965, in answer to appellant's question at a trial for a second felony, driving while intoxicated. The main thrust of appellant's contention is the same as in Castro v. State, supra, i. e., that Hanson did not know what a felony was. The Court said:

"They were aware of the fact that there was no testimony before them as to what appellant had had explained to him in his other trial, in which he asked for a suspended sentence, or his otherwise understanding of the meaning of the words 'convicted of a felony.'

It was thus before the jury trying appellant in this case that he had been twice prior thereto tried for felonies; in both which instances he had been convicted, one conviction being reversed on appeal. Appellant would be held to know the law."

We now approach appellant's contention that appellant's guilt as a suborner is not shown. Appellant started practicing law in Houston in 1961, and Hanson was one of his first clients when he represented him for his driving while intoxicated felony on May 31, 1962. Hanson was again appellant's client when appellant represented him following his arrest on May 25, 1963.

Due to the loss of a hand shortly after the 1963 offense, Hanson was not tried for the driving while intoxicated felony until October 13, 1965. It was at this trial that the subornation and the perjury allegedly took place.

Following the loss of his hand, appellant represented Hanson before the Industrial Accident Board, for which he received approximately $600.00 as a fee.

Appellant testified that when he first started practicing his principal activities were misdemeanor criminal cases, but that as he got better established, his practice became more civil law, and that in 1965, the year in which the subornation is alleged to have occurred, he handled only approximately 20 criminal cases of which only six or seven were felonies. The questions and answers involved in this prosecution are as follows:

"Q. (By Mr. Butler) Have you ever been convicted of a felony in this or any other state?

A. No sir.

Q. And are you applying for a suspended sentence? Have you applied for a suspended sentence in this court?

A. Yes sir."

His defense was that at the time he instructed Hanson to go to the clerk's desk where application for suspended sentence was executed by Hanson on October 13, 1965, and at the time he propounded the questions he had forgotten about the 1963 driving while intoxicated felony at which he had represented Hanson.

We find the evidence sufficient to support the jury's finding under an appropriate charge that appellant had not forgotten about Hanson's 1963 felony trial in which he represented Hanson and was not actuated ignorantly, inadvertently or by mistake in causing Hanson to testify as he did.

Hanson testified that appellant had told him during their interview in his office that he would have to have more money because this was Hanson's third "DWI". He further testified that during the noon recess of his trial in 1965 he informed the appellant of his prior convictions for driving while intoxicated in 1962 and 1943. We quote:

"Q. (By State's Attorney) Will you tell the Court and this jury, as best you can remember, the conversation in regard to these other DWI's that you had with Asberry Butler, Jr., there in the hall?

A. He told me to testify to the DWI I had in '43 and the one they was trying me for then.

Q. He told you to testify to that?

A. That is right.

Q. Was any mention made of the DWI in 1962?

A. I told him that this was my third DWI.

Q. Let me get this straight. You told him this, the one you were on trial for then, was your third DWI?

A. That is right.

Q. Did he say anything when you told him that?

A. He said: 'Forget about it. Just testify to '63 and '43.'

Q. He said: 'Forget about it. Just testify to '63 and '43?'

A. Yes sir."

Hanson's wife corroborated his testimony as to the conversation in the hall during the noon recess between her husband and appellant to the extent that she said:

"Q. (By State's Attorney) Did you hear a portion of the conversation, though?

A. A few words, yes.

Q. Do you remember now what portion of the conversation you heard and who said it?

A. Willie was talking to Mr. Butler about—

Q. (Interposing) And what did he say?

A. Something happened in '62.

Q. Something happened in '62?

A. Yes sir.

Q. Did you hear Mr. Butler say anything to Willie?

A. I heard Mr. Butler tell him to forget that.

Q. Willie was telling him about something that happened in '62?

A. Yes, sir.

Q. Now, did you hear the balance of the conversation?

A. No, sir.

Q. Did you know what Willie was referring to about 1962?

A. Yes, sir.

Q. And what was that?

A. A felony.

Q. A conviction for driving while intoxicated?

A. Yes, sir.

Q. And Asberry B. Butler told him to forget about that?

A. Yes, sir."

■ We next approach his contention that he was not guilty because he and Hanson immediately on Hanson's cross examination corrected the impression they had left with the jury by the questions and answers. Hanson admitted the prior driving while intoxicated felony conviction, but explained that he did not know what a felony was at the time he answered appellant's questions. Appellant corrected his

conduct by immediately apologizing to the Court at the bench and by testifying that he had made an error in asking the question, for which he was sorry. This is the most difficult question in the case.

Appellant would have this Court follow the New York rule which is clearly in the minority,[1] and hold that since Hanson recanted while still on the stand, the crime of perjury was not committed.

We have concluded to the contrary and follow the Federal and majority rule which is that if the witness intended to commit perjury, no manner of recanting will absolve him. The case nearest in point in fact which we have been able to find is Llanos-Senarillos v. United States, 9 Cir., 177 F.2d 164. There the witness while being examined upon confrontation with documentary evidence admitted that his prior testimony had been false. There the Court held that recanting after knowledge that his testimony would not deceive constituted no defense. The Court relied upon United States v. Norris, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808, as authority. Such case has been cited with approval in the following cases: Zebouni v. United States, 5 Cir., 226 F.2d 826; United States v. Geller, D.C., 154 F.Supp. 727; United States v. Rose, D.C., 113 F.Supp. 775. See also United States v. Allen, D.C., 131 F.Supp. 323.

We quote from the cross examination of Hanson:

"Q. (By State's Attorney) You have been in this courtroom before, haven't you, Willie?

A. Yes sir.

Q. About May of 1962, about a year before this collision happened?

A. Yes sir.

Q. And what were you doing in this court? Mr. Butler was your lawyer at that time?

1. See United States v. Talbot, D.C., 133 F. Supp. 120, 15 Alaska 590; 64 A.L.R.2d 276; 70 C.J.S. Perjury § 8(c); 41 Am. Jur., Perjury, Sec. 7.

A. Yes sir.

Q. Are you the same Willie Hanson who on May 11, 1962, was convicted of driving while intoxicated, DWI, second offense, a felony?

A. Yes sir, I served time.

Q. And you have just told your lawyer a minute ago you have never been convicted of a felony?

A. I didn't know what he meant."

Since we have concluded as shown above that Hanson did know what a felony meant, we do not agree that this recanting constituted a defense to appellant, who knew, or by the means of reasonable thoughtfulness or research should have known, of the falsity of Hanson's answer to him.

■ Appellant made a motion for pre-trial inspection of the grand jury minutes containing the testimony of the State's principal witness Hanson and to take his deposition. A hearing was had at which Hanson, his wife, one Wilson and Mr. McNamee, the foreman of the grand jury which preceded the grand jury which returned this indictment, testified. It was there established that the August grand jury considered the case against appellant and returned a no bill. The November term grand jury did return an indictment growing out of the same transaction. The Court agreed to make an in camera inspection of the testimony of Hanson given before both grand juries "between now and the time of the trial" to determine if any conflict existed.

During the course of the trial no issue as to Mrs. Hanson's testimony was made; neither McNamee nor Wilson testified, and the Court halted the trial at the close of the State's examination of Hanson and made available to appellant's counsel a transcript of Hanson's testimony given before the two grand juries, and appellant cross examined him therefrom.

We have concluded that the above constitutes substantial compliance with Arts. 39.02 and 39.14, Vernon's Ann.C.C.P.

■ We have examined appellant's six requested charges and have concluded that, as we view the case and the court's charge as a whole, the requested charges were substantially incorporated in the court's charge. If we have properly construed the prior holding of this Court in Castro v. State, supra, the requested charge No. 4 as to Hanson's knowledge that he had been previously convicted of a felony was not improperly refused. An adherence to the majority rule as to recanting alleviates the necessity of the giving of requested charge No. 6.

We have examined his objections to the court's charge and fail to find any error reflected thereby. No authorities were submitted in appellant's brief as to his objections to the charge.

No reversible error appearing, the judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

Article 315 of the Texas Penal Code provides as follows:

"Whoever shall designedly induce another to commit perjury or false swearing shall be punished as if he had himself committed the crime."

"The crime of subornation of perjury consists of two essential elements: commission of perjury by the person suborned, and wilful procuring or inducing him to do so by the suborner. If these elements appear the crime is complete." 45 Tex.Jur. 2d, Perjury & False Swearing, p. 92, Sec. 50.

Perjury is defined by Article 302 of the Texas Penal Code as follows:

"Perjury is a false statement, either written or verbal, deliberately and wilfully

made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice."

Under the perjury portion of the indictment in the case at bar, the State did not choose to limit itself to alleging the corpus delicti of perjury, but chose, instead, to further allege that Willie Hanson *knew* that his statement was *false* when he made it.

It was long ago held by this Court that in a perjury prosecution the State need not allege or prove that an accused knew the statement to be false when he made it. Ferguson v. State, 36 Tex.Cr.R. 60, 35 S. W. 369 (overruling State v. Powell, 28 Tex. 627); Chavarria v. State, Tex.Cr.App., 63 S.W. 312.

■ A witness may commit perjury if he swears to a matter about which he consciously has no knowledge. The effect of such testimony is that the witness declares that he knows the truth of what he states, and, if he is conscious he does not know it, he means to swear falsely. See Ferguson v. State, supra; Bishop New Cr.Law, Sec. 1042, subd. 2; See 2 Branch's Anno.P.C. 2d Ed., Sec. 859, p. 313.

■ However, the State, being bound by its allegations in the indictment, must prove them beyond a reasonable doubt.

Appellant contends that Castro v. State, 124 Tex.Cr.R. 13, 60 S.W.2d 211, cited in our original opinion, does not hold that an irrebuttable presumption is raised upon

proof of a prior felony conviction, but that mere proof of the prior felony is enough to support a jury verdict under appropriate instructions.[1] We agree.

Therefore, appellant urges on rehearing, that even though the Court may find the evidence was sufficient to sustain the conviction, it was sufficient only under a proper affirmative instruction where such instruction was timely requested. He contends the trial court erred in overruling his timely presented special requested charge # 4.

Appellant's requested charge # 4 reads:

"You are instructed that unless you believe beyond a reasonable doubt that Willie Hanson knew that he had previously been convicted of a felony when he testified in Criminal District Court No. 2 of Harris County, Texas, on October. 13, 1965, you will find this defendant, Asberry B. Butler, Jr., not guilty."

We observe that the pertinent portion of the court's charge reads as follows:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that * * * the said Willie Hanson did then and there before the said Judge and Jury (Criminal District Court No. 2), upon the trial of said cause under the sanction of said oath administered to him as aforesaid, wilfully and deliberately state and testify in substance that he, the said Willie Hanson, had not been convicted of a felony in this or any other state; which statement was material to the issue in said cause and which said statement was wilfully and deliberately false, as he, the said Willie Hanson, then and there well knew when he made the same; * * * you will find the defendant guilty as charged of the offense of subornation of perjury, * * *."

1. It is evident from an inspection of the record in Castro, supra, that Castro made no request for a charge on his understanding of the meaning of the words "convicted of a felony," which were contained in his sworn application for a suspended sentence. The Castro opinion was merely saying that under the evidence presented, the jury was entitled to presume' that Castro knew what a felony was.

At the conclusion of the above charge the court in a separate paragraph instructed the jury on the converse thereof:

"If you do not believe from the evidence or if you have a reasonable doubt thereof, you will acquit the Defendant Asberry B. Butler, Jr., and say by your verdict 'not guilty.' "

While it may have been desirable or more practical to have given appellant's requested charge, in view of the length and complexity of that part of the court's charge dealing with this matter, a portion of which quoted above, we conclude that the requested charge was substantially given and covered in the main charge and no error is presented. Article 36.15, V.A.C.C.P. n. 79, 80, 81.

Appellant's motion for rehearing is overruled.