**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA LOURDES MACIEL, | No. 05-74047 |
| Petitioner, | Agency No. A75 307 200 |
| v. | |
| ERIC H. HOLDER, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2009
San Francisco, California

Before: NOONAN, W. FLETCHER, Circuit Judges, and DUFFY**, District Judge.

Maria Lourdes Maciel petitions for review of a final decision of the Board of

Immigration Appeals ("BIA") affirming without opinion an Immigration Judge's

("IJ") order denying her application for cancellation of removal under 8 U.S.C. §

1229b(b). The IJ found that Maciel was ineligible for cancellation of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin T. Duffy, United States District Judge for the Southern District of New York, sitting by designation.

because she gave false testimony and so, as a matter of law, could not show good moral character. We affirm.

This court reviews the BIA's findings of statutory ineligibility for cancellation of removal for substantial evidence. *See Bernal v. Imm. & Nat. Svc.*, 154 F.3d 1020, 1022 (9th Cir. 1998). Where, as here, the BIA affirms without opinion, this court reviews the immigration judge's opinion as the final agency determination. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004).

The Attorney General, through an IJ or the BIA, may grant cancellation of removal to an otherwise deportable nonresident alien where that alien's removal would cause significant hardship to the alien's spouse, parent, or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b). However, the Attorney General may only grant such a cancellation of removal where the alien has met certain requirements, including that she has been a person of good moral character during a period of ten years or more during which she was continuously present in the United States. *Id.* The ten year period must immediately precede the final agency decision on her application for cancellation of removal. *Matter of Ortega-Cabrera*, 23 I. & N. Dec. 793, 796-98 (BIA 2005). By statute, "no person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be

established . . . has given false testimony for the purposes of obtaining any benefits under [the United States immigration laws]." 8 U.S.C. § 1101(f)(6); *Kungys v. United States*, 485 U.S. 759, 780 (1988).

It is undisputed that Maciel gave false testimony in her immigration hearing on September 18, 2003, that those statements were her own, and that she gave that testimony for the purpose of obtaining an immigration benefit. She recanted in her subsequent testimony on September 30, 2003. In *Llanos-Senarillos v. United States*, we held that "If the witness withdraws the false testimony of his own volition and without delay, the false statement and its withdrawal may be found to constitute one inseparable incident out of which an intention to deceive cannot rightly be drawn." 177 F.2d 164, 165 (9th Cir. 1949). The IJ here found that Maciel's recanting was neither timely nor voluntary, and that he was barred from finding that Maciel had good moral character. A recantation is insufficient where "The withdrawal . . . followed only after [petitioner] knew his false testimony would not deceive." *Id.* at 165-66. The IJ noted, accurately, that "It was only after DHS stated its intention to call the asylum officer," whose testimony would have exposed inconsistencies in Maciel's story, that she recanted. The IJ's decision that Maciel was within the statutory bar was thus supported by substantial evidence.

The petition is DENIED and the decision of the BIA is AFFIRMED.

3