FILED

**NOT FOR PUBLICATION**

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS GABRIEL OROPEZA, | No. 08-72677 |
| Petitioner, | Agency No. A099-288-811 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

    Luis Gabriel Oropeza, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence the agency's factual findings and de novo

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Oropeza is inadmissible because the record indicates he made a false claim to United States citizenship to gain entry to the United States on April 2, 2000. *See Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir. 2000) (false claim to United States citizenship is a "non-waivable ground of inadmissibility" under 8 U.S.C. § 1182(a)(6)(C)(ii)); *see also Llanos-Senarillos v. United States*, 177 F.2d 164, 165-66 (9th Cir. 1949) (withdrawal of false testimony after petitioner knows it will not deceive is not a voluntary and timely recantation). Oropeza is therefore ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a)(2) (applicant for adjustment of status must be admissible to the United States).

**PETITION FOR REVIEW DENIED.**