**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VLADIMIR GRIGORYEVICH
DMITRIENKO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-73193

Agency No. A095-585-262

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013[**]
San Francisco, California

Before: W. FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District
Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Vladimir Grigoryevich Dmitrienko petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Dmitrienko concedes that he willfully misrepresented facts in his asylum application because he "was afraid that people would not believe . . . that [he] was persecuted" if he told the truth. However, Dmitrienko argues that the misrepresentations were not material. *See* 8 U.S.C. § 1182(a)(6)(C)(i) (providing that an alien who has willfully misrepresented a material fact to procure a benefit under the Immigration and Nationality Act is inadmissible).

Materiality is a legal question which we review de novo. *See Junming Li v. Holder*, 656 F.3d 898, 901 (9th Cir. 2011); *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995). Dmitrienko's misrepresentation that he was "beaten" by three men was material to his asylum claim because it had "a natural tendency to influence" the decisions of the Department of Homeland Security. *Forbes*, 48 F.3d at 442 (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)). Disclosure in his asylum application and asylum interview that he was merely grabbed, lifted off the ground, and shaken—but not beaten—"would predictably have disclosed other facts relevant to [his] qualifications." *Forbes*, 48 F.3d at 443 (internal quotation

2

marks omitted).  Further, evidence that he was merely shaken was "sufficient to raise a fair inference" that he was not persecuted and thus ineligible for asylum. *Id.*; *see also Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (stating that a finding of "persecution" requires "something considerably more than discrimination or harassment"); *Kovac v. INS*, 407 F.2d 102, 107 (9th Cir. 1969) (stating that "minor disadvantage or trivial inconvenience" does not rise to the level of persecution).

2.   Substantial evidence supports the BIA's finding that Dmitrienko failed to make a timely retraction of his misrepresentation.  A voluntary and timely retraction may excuse a misrepresentation.  *See Llanos-Senarillos v. United States,* 177 F.2d 164, 165 (9th Cir. 1949).  However, Dmitrienko waited for more than four years after making the false statement before renouncing and withdrawing it on February 2, 2007.  *Id.* at 166 ("To recant a prior statement or previous assertion is to renounce and withdraw it.").  He had numerous opportunities prior to that date to tell the truth but failed to do so until after he was confronted several times with evidence that he lied.  *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) (holding that where an applicant made the retraction only after being confronted with evidence of his misrepresentation, the applicant cannot take advantage of the timely recantation doctrine).

3

Because Dmitrienko willfully misrepresented material facts and failed to timely retract his statement, the BIA did not err in finding Dmitrienko inadmissible and thus statutorily ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(6)(C)(i); 8 U.S.C. § 1255(a).

**PETITION DENIED.**