**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN CARLOS ORDONEZ-GARAY, | No. 14-72311 |
| Petitioner, | Agency No. A079-152-042 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2017
San Francisco, California

Before: LEAVY, W. FLETCHER, and PAEZ, Circuit Judges.

Jean Carlos Ordonez-Garay petitions for review from a Board of

Immigration Appeals ("BIA") decision upholding the Immigration Judge's ("IJ")

denial of asylum, withholding of removal, and relief under the Convention Against

Torture, and affirming the Immigration Judge's determination that he is

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Ordonez-Garay first raises claims of ineffective assistance of counsel by two attorneys. "Ineffective assistance of counsel amounts to a violation of due process if 'the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.' " *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (quoting *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004)). "To make out an ineffective assistance claim, an immigrant must show (1) that counsel's performance was deficient, and (2) that counsel's deficiency caused prejudice." *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008). We find prejudice where counsel's deficient performance may have affected the outcome of the proceedings; we do not require petitioners to show "that the counsel's ineffectiveness definitively changed the outcome." *Mohammed*, 400 F.3d at 793.

Ordonez-Garay's first attorney conceded before the IJ that Ordonez-Garay had falsely claimed to be a United States citizen. An attorney is not ineffective in conceding damaging facts where she comes to her decision "after carefully weighing all the relevant facts and exploring the available legal options." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 832 (9th Cir. 2011). Here, however, nothing in the hearing transcripts or in the attorney's response to Ordonez-Garay's inquiry

2

letter suggests that she explored the possibility of raising a retraction defense to the false claim to citizenship, despite a clear basis for such a defense in the documents at her disposal, and even though a finding of inadmissibility based on a false claim to citizenship has the "drastic impact" of acting as a "lifetime bar" to admissibility. *See Munoz-Avila v.Holder*, 716 F.3d 976, 981 (7th Cir. 2013). This failure to consider an obvious basis for relief fell below an objective standard of professional competence and was therefore deficient.

In spite of the first attorney's concessions, the IJ exercised her discretion to permit Ordonez-Garay's second attorney to put on evidence regarding the charged false claim to citizenship. *See* 8 C.F.R. § 1240.10(c), (d). Although the second attorney had ample resources and adequate opportunity to prepare a defense, he refused "on principle" to offer any evidence or elicit testimony from his client, due to an utterly unsupported belief that his client's due process rights had been violated. "An attorney's 'unreasonable failure to investigate and present the factual and legal basis of her client's claim would itself amount to ineffective assistance of counsel.' " *Ahmed v. Mukasey*, 548 F.3d 768, 773 (9th Cir. 2008) (alterations omitted) (quoting *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004)). Ordonez-Garay's second counsel's failure to contest the charge of falsely claiming citizenship fell below an objective standard of professional competence.

These attorneys' deficiencies prejudiced Ordonez-Garay. Ordonez-Garay has a colorable claim that he was unaware of the connection between Puerto Rican birth and United States citizenship, as well as a potentially viable retraction defense. The IJ properly signaled her willingness to listen to Ordonez-Garay's version of events at the border rather than relying solely on the Record of Sworn Statement. Had Ordonez-Garay's attorneys performed competently, they may have defeated the charge. We therefore hold that both of Ordonez-Garay's attorneys rendered ineffective assistance of counsel.

Concessions in removal proceedings are not binding if the concessions were made under "egregious circumstances," including where the concessions "were the result of unreasonable professional judgment." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830-32 (9th Cir. 2011) (citing *Matter of Velasquez*, 19 I. & N. Dec. 377 (BIA 1986)). Because counsel was ineffective in conceding the false claim charge, Ordonez is free, on remand, to present evidence regarding his intent, unencumbered by the improper concessions of his prior attorney.

We therefore grant the petition and order that Ordonez-Garay be permitted to amend the pleadings and to offer evidence on the false claim to citizenship charge, including evidence on whether his retraction was timely.

We also note four errors in the decisions below. First, the BIA found that "[b]y the time the respondent failed primary inspection, and was referred to secondary, the opportunity to timely recant had passed." We construe this statement to mean that Ordonez-Garay could not, as a matter of law, timely recant following primary inspection. *See Ruiz-Del-Cid v. Holder*, 765 F.3d 635, 639 (6th Cir. 2014) (treating similar language by BIA regarding timely recantation as a question of law). Reviewing de novo, *see Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008); *Delgado v. Holder*, 648 F.3d 1095, 1106, n.15 (9th Cir. 2011) (en banc), we hold that the BIA incorrectly stated the law. Our case law requires only that a retraction be made with sufficient promptness that "an intention to deceive cannot rightly be drawn." *See Llanos-Senarillos v. United States*, 177 F.2d 164, 165-66 (9th Cir. 1949). The 2.5-hour period that passed between the alleged false statement and the retraction, does not, standing alone, make his recantation untimely. *See, e.g.*, *Ruiz-Del-Cid*, 765 F.3d at 638-39, 641 (holding that recantation was timely despite four-year gap, as petitioner retracted false statement absent actual or imminent exposure).

Second, substantial evidence does not support the IJ's factual findings. The IJ incorrectly determined that "[w]hen the officer found documents belonging to Respondent and his brother, Respondent and his brother *then* admitted that they

5

were from Venezuela." The only evidence establishing a timeline, the Incident Report from the secondary inspection point, unambiguously states that Ordonez-Garay had already retracted by the time the agent discovered the documents. *Cf. Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) ("[W]hen a person supposedly recants only when confronted with evidence of his prevarication," recantation doctrine is unavailable).

Third, the BIA applied the wrong legal standard to Ordonez-Garay's asylum and withholding claims based on membership in the particular social group "military deserters." Ordonez-Garay testified to reports from other soldiers that deserters were locked in a room indefinitely and beaten with sticks, and other reports from his sister that deserters were sometimes shot in the street. On appeal, the BIA upheld the IJ's denial of relief on the ground that Ordonez-Garay's testimony about the treatment of deserters was "not supported by the country conditions evidence of record." In pre-REAL ID Act cases like the one at bar, *see Joseph v. Holder*, 600 F.3d 1235, 1240 n.3 (9th Cir. 2010), the BIA is prohibited from requiring that the petitioner produce general country conditions evidence to corroborate credible testimony. *Ladha v. I.N.S.,* 215 F.3d 889, 900-01 (9th Cir. 2000). The IJ found Ordonez-Garay credible, and the BIA accepted that determination. *See Edu v. Holder*, 624 F.3d 1137, 1143, n.5 (9th Cir. 2010)

6

(holding that BIA had "accepted" IJ's favorable credibility determination where BIA did not explicitly determine credibility and no adverse credibility determination was made). On remand, the IJ and BIA should consider our recent decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Madrigal v. Holder*, 716 F.3d 499 (9th Cir. 2013), and *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), in determining whether "military deserters" are a particular social group and whether Ordonez-Garay is eligible for relief.

Fourth, the IJ abused her discretion in denying Ordonez-Garay's motion to reopen on the basis of changed personal circumstances and changed country conditions. The IJ applied the wrong legal standard in requiring that the evidence "show a *fundamental* change of circumstances." (emphasis in original). The proffered evidence need only have been "material." 8 C.F.R. § 1003.23(b)(3). The IJ further erred in concluding that evidence showing an "intensifying of [country] conditions" cannot warrant a motion to reopen. *See Malty v. Ashcroft*, 381 F.3d 942, 945-46 (9th Cir. 2004). Because the BIA applied the correct legal standard on

7

de novo review, however, this second error was harmless.[1] *See Singh v. Holder*, 591 F.3d 1190, 1198 (9th Cir. 2010).

Substantial evidence supports the BIA's determination that Ordonez-Garay was not persecuted in the past on the basis of political opinion, and similarly, that he has not established a well-founded fear of persecution on account of political opinion. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13. Substantial evidence also supports the BIA's determination that Ordonez-Garay failed to show that it is more likely than not that he will be tortured if returned to Venezuela. *See* 8 C.F.R. § 208.16(b); 8 C.F.R. § 1208.16(c)(2).

**GRANTED** in part, **DENIED** in part, and **REMANDED** on an open record for further proceedings consistent with this disposition.

---

[1] We take judicial notice, *Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000), of the fact that in the years since the BIA's decision, Nicolás Maduro has replaced Hugo Chávez as President of Venezuela, and that Venezuela is currently undergoing significant political and economic turmoil. Our decision today is not intended to pass upon the merits of any potential future motion to reopen, should Ordonez-Garay file one.